UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

DORIS THEWS,

    Plaintiff,

v.

WAL-MART STORES, INC.,

    Defendant.
_____/

**COMPLAINT AND REQUEST FOR JURY TRIAL**

COMES NOW Plaintiff, DORIS THEWS, by and through the undersigned counsel, and makes her Complaint against the Defendant, WAL-MART STORES, INC. ("WAL-MART"), and alleges:

**JURISDICTION AND VENUE**

1. This is an action for damages that exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest, costs and attorneys' fees.

2. At all times material to this action, Plaintiff, DORIS THEWS, was a natural person residing in Polk County, Florida.

3. At all times material to this action, Defendant, WAL-MART, was a Foreign For-Profit Corporation registered with the State of Florida and authorized to do business, and doing business, in Polk County, Florida.

4. The accident at issue, which gives rise to this Complaint, occurred at WAL-MART store #725 in Polk County, Florida.

5. Jurisdiction is proper in the United States District Court pursuant to Diversity of Citizenship under 28 U.S.C. § 1332.

6. Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division pursuant to 28 U.S.C. § 1391, because the event that gives rise to this action occurred in Polk County, Florida.

7. All necessary conditions precedent to the commencement of this action have either been satisfied or waived.

## FACTUAL BACKGROUND

8. On December 4, 2010, Plaintiff, DORIS THEWS, entered Wal-Mart store #725 to shop.

9. Upon entering the store Plaintiff went to the shopping cart vestibule to obtain a shopping cart.

10. Suddenly and unexpectedly, Plaintiff was struck by a shopping cart which was propelled forward by a Wal-Mart employee pushing the shopping carts from the opposite side of the shopping cart vestibule.

11. The force of the shopping cart striking Plaintiff's body was so strong that it knocked the Plaintiff to the floor.

12. Plaintiff immediately felt severe pain.

13. An emergency response vehicle was summoned and Plaintiff was taken to the hospital via ambulance.

14. The impact from the fall caused bodily injury to Plaintiff, including but not limited to, a burst fracture of her thoracic spine.

15. The Plaintiff's spinal fracture caused extreme pain and discomfort, and ultimately required a spinal surgery to repair the fracture.

16. Plaintiff continues to experience pain and continues to receive medical treatment for the injuries she sustained in the accident.

17. Plaintiff has incurred, and will continue to incur, medical bills and other related economic damages as a result of the negligence of WAL-MART.

## CLAIM AGAINST WAL-MART STORES, INC.

18. On December 4, 2010, when Plaintiff DORIS THEWS arrived on the Defendant's property, Defendant WAL-MART had a duty to ensure that its store was safe and free from hazards, and to further ensure that its employees acted in a non-negligent manner.

19. At that time and place, WAL-MART's duty to provide a safe shopping environment for its customers (business invitees) extended to the Plaintiff, DORIS THEWS.

20. WAL-MART breached its duty to the Plaintiff in one or more of the following ways:

   a. Failing to properly train its employees on how to handle shopping carts in the entry area/shopping cart vestibule for which WAL-MART is responsible under the theory of *respondeat superior*;

   b. Improperly designing the shopping cart vestibule area to prevent its employees from pushing shopping carts into business invitees entering the store;

   c. Improperly maintaining the shopping cart vestibule area to prevent its employees from pushing shopping carts into business invitees entering the store;

  d. Failing to install a threshold or other similar device which would have prevented the shopping carts from striking the Plaintiff;

  e. Failing to provide a clear line of sight for its employees returning shopping carts to where customers would be taking shopping carts; and/or

  f. Failing to warn customers that the shopping carts might be pushed towards them as they went to reach for a shopping cart.

21. As a direct and proximate result of Defendant, WAL-MART's, negligence, breach of its duty, Plaintiff suffered bodily injury including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life.

22. These losses contained in Paragraph 21 are either permanent or continuing and Plaintiff will suffer these losses in the future.

23. Plaintiff has incurred medical bills in the past that are now due and owing.

24. Plaintiff will require future medical care for the remainder of her life due to the injuries sustained in the accident at Wal-Mart.

25. Plaintiff's ability to lead a normal life, or at least return to her pre-accident condition, is permanently diminished, as simple activities of daily living cause pain and suffering.

26. Plaintiff's pain post-accident and post-surgery is constant, absent sleeping or heavy medication.

27.     Plaintiff has incurred costs in bringing this action.

WHEREFORE, Plaintiff, DORIS THEWS, respectfully requests this Court enter judgment for damages against Defendant, WAL-MART STORES, INC., and such other relief as this Court deems just and proper.

### REQUEST FOR JURY TRIAL

Plaintiff, DORIS THEWS, hereby respectfully requests this Court allow a jury trial on all issues so triable.

DATED this 11th day of August, 2011.

Respectfully Submitted,

_____
Carolyn M. Salzmann
Florida Bar No.: 0497118
The Salzmann Firm, PLLC
701 E. Washington St.
Orlando, FL  32801
Phone:  (407) 423-4560
Fax:  (407) 278-4002
Email: carolyn@tsflaw.com
Attorney for Plaintiff