UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DORIS THEWS,

    Plaintiff,

v.                                                          CASE NO: 8:11-cv-1829-T-26MAP

WAL-MART STORES, INC.,

    Defendant.

_____/

**O R D E R**

**UPON DUE AND CAREFUL CONSIDERATION** of the procedural history of this case, including the parties' written submissions, it is **ordered and adjudged** that the Plaintiff's Motion to Set Aside Judgment Pursuant to Fed. R. Civ. P. 60(D)(sic)(3) (Dkt. 105) is denied for the following reasons.

First, Plaintiff has utterly failed to prove by clear and convincing evidence that defense counsel's arguments to the Court with regard to amending the complaint demonstrated an unconscionable plan or scheme to improperly influence the Court's decision in denying the motion after the Plaintiff rested her case. See Gupta v. Walt Disney World Co., 482 F.App'x 458, 459 (11th Cir. 2012) (unpublished) (citing Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978)). Having reviewed the record, the Court finds nothing improper about defense counsel's arguments. More important, however, is the indisputable fact, borne out by the record, that the Court initially decided to deny the motion to amend *prior* to hearing defense counsel's

arguments.[1] Finally, the Court would note that the Eleventh Circuit Court of Appeals determined, after considering the exact same arguments advanced by defense counsel, that this Court did not abuse its discretion in denying the Plaintiff's motion to amend her complaint. See Thews v. Wal-Mart Stores, Inc., 560 F.App'x 828, 831 (11th Cir. 2014) (unpublished). Does Plaintiff also suggest that the Eleventh Circuit panel which decided her appeal was likewise duped by defense counsel's arguments?

Second, the Court also rejects the Plaintiff's argument that defense counsel committed a fraud on this Court by not bringing to the Court's attention that her counsel had sued the wrong entity. The Plaintiff's counsel offers absolutely no proof whatsoever that the wrong entity was sued when the complaint was filed on August 15, 2011. Moreover, assuming the wrong Wal-Mart entity was sued, the Plaintiff's counsel has utterly failed to show by clear and convincing evidence how such a misnomer adversely affected the outcome of this proceeding with respect to the rulings or actions of this Court. Indeed, the blame for any misnomer falls squarely on the Plaintiff's counsel and not defense counsel. See Carter v. Sec'y of Navy, 492 F.App'x 50, 53 (11th Cir. 2012) (unpublished). Finally, to the extent defense counsel's failure to advise the Plaintiff's counsel of the misnomer somehow amounts to fraud, such fraud would not constitute a fraud on the Court inasmuch as fraud between parties is not actionable under Rule 60(b)(3). See Gupta, 482 F.App'x at 459 (reiterating that "[f]raud between parties does not constitute fraud on the court, as it does not carry the same threat of public injury.") (citing S.E.C. v. ESM Group, Inc., 835 F.2d 270, 273 (11th Cir. 1988)).

---

[1] See docket 97, pp. 12-13 (initial ruling) and pp. 19-20 (defense counsel complained of argument).

In conclusion, the Court is in total agreement with the Defendant's assertion that the Plaintiff's allegations in her counsels' motion "are built on a foundation of pure speculation, without merit[.]" Furthermore, this Court considers the Plaintiff's counsels' claims that this Court was somehow duped by the Defendant's counsel's arguments as an affront and insult to its judicial integrity and independence. Again, as the record indisputably reflects, this Court took great care in insuring that it made the correct decision in granting judgment as a matter of law against the Plaintiff by withholding such a decision until it had sufficient time during the overnight recess after the Plaintiff rested her case to reflect on the parties' arguments and to engage in its own independent analysis and research.[2]

**DONE AND ORDERED** at Tampa, Florida, on March 30, 2015.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record

---

[2] See docket 97, pp. 1-12.